## ISAAC E. BASS *v.* WILLIAM J. PATTERSON.

1. USURY.   *Code* 1880, § 1141.   *Credit sale of goods.   Increased price.*

    Under § 1141, code 1880, which declares that if a greater rate of interest than 10 per cent. shall be stipulated for, all interest shall be forfeited, a contract for the sale of goods to be paid for in thirty days at a certain price is not usurious because of an agreement at the time of sale that if payment is not made within thirty days, the price shall be 15 per cent. additional.

2. SAME.   *Purpose to evade statute.   Intent.*

    But where the sale is in fact at an agreed cash price, and the form of a sale on credit is resorted to for the purpose of evading the statute, such transaction is usurious. It is a question of intention.

FROM the circuit court of Marion county.

HON. S. H. TERRAL, Judge.

*T. S. Ford,* for appellant.

Usury can only attach to a loan of money, or to the forbearance of a debt. It is well ˙settled that in a contract to secure the price or value of work done, or to be done, or of property sold, the contracting parties may agree upon one price for cash, and upon as much in addition to the cash price as may suit themselves if credit be given; and it is immaterial whether the enhanced price be ascertained by the simple addition of a lumping sum, or by a percentage on the cash price. *Græme* v. *Adams,* 14 Am. Rep. 136 ;

Tyler on Usury, p. 10 *et seq.*; ·*Hogg* v. *Ruffner*, 1 Black, 115; *Brooks* v. *Avery*, 4 N. Y. 225; *Cutler* v. *Wright*, 22 Ib. 472; *Brown* v. *Gardner*, 4 Lea, 145; 28 Iowa, 220; 3 Parsons on Contr. 116.

*Robert Lowry*, on the same side.

The 15 per cent. was not charged as interest, but as increasing the price on the goods. There could be nothing usurious in the transaction, and the profit. to the seller was doubtless not so desirable if payment was delayed as if made in cash. It is not contended that the original price, including the 15 per cent., was unreasonable.

*D. M. Watkins* and *Calhoon & Green*, for appellee.

The 15 per cent. was a charge of interest and makes the transaction usurious. The seller does not add the 15 per cent. to each item sold, where payment was not made in 30 days, but at the end deducts all payments and adds 15 per cent. to the balance.

The case of *Græme* v. *Adams*, cited by counsel for appellant, is not in point, since it is based on a Virginia statute in reference to "loans and forbearance." Our statute expressly refers to "notes, accounts, judgments and contracts."

If the 15 per cent. is not interest, it is in the nature of a penalty urged in a cross-action, in the nature of an equitable set-off, and cannot be enforced. *Waller* v. *Long*, 6 Munf. 71.

COOPER, J., delivered the opinion of the court.

Patterson sued Bass on an open account, to which the defendant filed an off-set in a greater amount than the claim sued on, and demanded judgment for the excess. The off-set consisted of an itemized account for goods sold by the defendant to the plaintiff.

One of the items of this account was for $33.62, and was made up of 15 per cent. on other items of the account aggregating $224.14 for goods sold to the plaintiff, and which were not paid for by him within 30 days from the date of sales. There was evidence tending to prove that the agreement between the parties was that Patterson was to pay for goods bought by him from Bass within 30 days, and that he was to pay 15 per cent. upon the price charged for all goods not so paid for within that time.

The court, at the instance of Patterson, charged the jury that, even though it should believe this to have been the contract-between the parties, it should not in making up its verdict charge Patterson with the additional 15 per cent. The question is thus sharply presented, whether such contract, if made by the parties, was usurious and therefore illegal.

Our statute against usury declares that "the legal rate of interest on all notes, accounts, judgments and contracts shall be six per cent. per annum; but contracts may be made in writing for the payment of as great a rate as ten per cent. And if a greater rate of interest than ten per cent. shall be stipulated for in any case, all interest shall be forfeited." Code 1880, § 1141.

This statute, it will be seen, declares simply what rate of interest shall be lawful, and the consequence of stipulating for a greater rate; it does not attempt to define what usury is or to declare that all contracts for the payment of money at a future date are usurious when the sum agreed to be paid exceeds the value of the consideration given and legal interest thereon to the time of payment. What contracts are or are not usurious must be judicially determined according to the rules of law heretofore prevailing. It is a sufficiently accurate definition to say that usury is taking more than the law allows for the forbearance of a debt. Kent, J., in *Van Schaick* v. *Edwards*, 2 John. Cas. 364. We have accepted this definition because it is more comprehensive than either that given by Blackstone, viz., "an unlawful contract upon the loan of money, to receive the same again with exorbitant increase," 4 Blackstone, 156; or that of Bouvier, 1 Bouv. Inst. 299, viz., that "usury is the illegal profit which is required by the lender of a sum of money from the borrower for its use," or that of Mr. Parsons and Mr. Tyler, that it is "the taking of more for the use of money than the laws allow." 3 Parsons on Contr. 107; Tyler on Usury, 35.

Under any and all circumstances, usury must be something other than a *part of the debt* for the forbearance of which it is reserved.

The authorities are numerous and uniform that a seller of land or chattels may stipulate for a larger price on a credit sale

than he would be willing to accept in cash, and the transaction is not rendered usurious by the fact that the credit price is in excess of the cash price and legal interest to the date of payment. *Hogg* v. *Ruffner*, 1 Black (U. S.), 115 ; *Brooks* v. *Avery*, 4 N. Y. 225 ; *Cutler* v. *Wright*, 22 Ib. 472 ; *Græme* v. *Adams*, 23 Grattan, 225 ; *Beete* v. *Bidgood*, 7 Barn. & Cres. 453 (14 Eng. Com. Law) ; *Hoyer* v. *Edwards*, 1 Cowper, 112 ; *Brown* v. *Gaumer*, 4 Lea, 145.

But when the sale is in fact at an agreed cash price, and the form of a sale on credit is resorted to for the purpose of evading the statute against usury, the transaction will be declared usurious. *Quackenbos* v. *Sayer*, 62 N. Y. 344; *Thompson* v. *Nesbit*, 2 Rich. (S. C.) 73 ; *Torrey* v. *Grant*, 10 S. & M. 89.

It is, said Judge Sharkey in the case last cited, " a question of intention."

In *Hoyer* v. *Edwards*, 1 Cowper, 112, Lord Mansfield said : " Here it appears the whole agreement was made out first, the price of the goods fixed, and a limited credit given ; but the party considers further that perhaps punctual payment might not be made, and provides that in that case the buyer shall pay him so much more. There is no agreement for forbearance beyond the three months ; the plaintiff might have brought his action instantly, and therefore if not paid, was at liberty to say that the buyer should pay him a greater price."

We think the court erred in refusing to permit the jury to determine whether the additional 15 per cent. was by the contract of the parties a real part of the price of the goods sold. If the testimony of Bass be received as true, the transaction, except in form, was not different from what it would have been if the price of the goods sold had been greater by 15 per cent. than that charged, with an agreement to give the buyer a rebate of 15 per cent. on all sums paid within thirty days. The jury should have been permitted to determine whether the 15 per cent. was a part of the price to be paid for the goods, if payment should not be made within thirty days, or was interest illegally reserved on the price entered on the books at the date of sale.

*Reversed and remanded.*