BRYANT *v.* SECURITIES INVESTMENT COMPANY

No. 40805        May 19, 1958        102 So. 2d 701

*Pyles & Tucker,* Jackson, for appellant.

*Wm. Harold Cox,* Jackson, for appellee.

KYLE, J.

This case is before us on appeal by John A. Bryant, defendant in the court below, from a judgment in replevin rendered by the Circuit Court of Hinds County in favor of Securities Investment Company, the appellee, for the immediate possession of a 1951 model Studebaker 4-door automobile of the value of $300.

The record shows that the automobile was purchased by Sara H. Bryant and John A. Bryant from McLaurin Sales Company on June 12, 1956, and that a conditional sales contract and an installment purchase money note were executed by the purchasers in favor of the McLaurin Sales Company on the same date, and were assigned by McLaurin Sales Company "without recourse" to the Securities Investment Company on June 13, 1956. The conditional sales contract showed a down payment of $100, and an unpaid balance of "time price" in the sum of $438, which was to be paid in 12 consecutive monthly installments of $34 each, and one installment of $30 due June 22, 1956. The installment note, which was attached to the conditional sales contract, was payable to the order of the McLaurin Sales Company. Four payments were made on the note to the finance company. The installment due October 12, 1956, was not paid, and the writ of replevin was issued on November 23, 1956. The writ was served on John A. Bryant on the same date, and the sheriff took possession of the automobile. John A. Bryant and Sara H. Bryant gave bond for the automobile. The complainant filed its declaration on December 27, 1956; and the defendant, John A. Bryant, having been summoned to appear, filed his answer in due course. The case was tried at the May 1957 term of the court, and at the conclusion of the evidence the court instructed the jury to find for the plaintiff, and to fix the value of the automobile on November 23, 1956 at $300, and its value on May 23, 1957, at $250. Judgment was then entered in favor of the plaintiff for the immediate possession of

the automobile and against John A. Bryant and the sureties on the replevin bond for the immediate restoration of the automobile to the plaintiff and for the sum of $50 depreciation on the automobile after the execution of the bond, or that the defendant John A. Bryant and the sureties on the replevin bond pay the plaintiff $284.35, which represented its limited interest in the property. From that judgment John A. Bryant has prosecuted this appeal.

The appellant's attorneys have assigned and argued four points as ground for reversal of the judgment; but only one point will be discussed by us in this opinion.

It is argued on behalf of the appellant that the court erred in failing to hold that the contract upon which the plaintiff's suit was founded was void and unenforceable because of the usurious interest contracted for and charged by the plaintiff.

In support of their contention that usurious interest charges were included in the conditional sales contract and the installment note, the appellant's attorneys say that the total cost price shown on the invoice was only $358.75, which was $179.25 less than the total "time price" shown in the conditional sales contract; and that after deducting the sum of $66 for insurance coverage there still remained $113.25, which constituted an interest charge on the unpaid balance of the purchase price far in excess of twenty per cent per annum.

██ ██ But we think there was no error in the court's refusal to hold that the time price differential rendered the transaction usurious. The principle is well established by the decisions of this Court that, where property is sold on credit, the fact that the difference between the credit price and the cash price exceeds the percentage permitted by the usury laws will not render a transaction usurious, if the parties acted in good faith. In the case of Bass v. Patterson, 68 Miss. 310, 8 So. 849, 24 Am. St. Rep. 279, this Court held that a seller may charge a

credit price much larger than his cash price and that in such event the difference is not interest; and the rule announced in that case was reaffirmed in Commercial Credit Co. v. Shelton, 139 Miss. 132, 104 So. 75; Benson v. Berry-Dampeer Co., 158 Miss. 237, 130 So. 157, and Yeager et al. v. Ainsworth et al., 202 Miss. 747, 32 So. 2d 548.

In Yeager v. Ainsworth, supra, the Court held that the purchase of an automobile at a credit price does not violate the law against usury even though the difference between the cash price and the credit price, if considered as interest, amounts to more than the rate of interest allowed by law.

The principle announced in the above mentioned decisions of our own Court has been generally accepted by the courts of other states, as shown by the statement which appears in the annotation in 143 A.L.R., 238, 242, as follows: "It is well settled that where the contract of conditional sale is bona fide and the finance charge or other similar charge is included therein as a part of the total 'time' or credit price of the chattel which the purchaser thereby agrees to pay upon a deferred payment basis, the finance charge does not constitute usury, even though such charge, if considered as interest, would be in excess of the highest lawful interest upon the cash purchase price for the time payment thereof is deferred under the contract, provided of course that the transaction was what it purported to be and not in fact a loan."

In 91 C.J.S., 589, Usury, par. 18b(1), the rule is stated as follows:

"Where propery is sold on credit, the fact that the difference between the credit price and the cash price exceeds the percentage permitted by the usury laws will not render a transaction usurious if the parties acted in good faith.

"A vendor may fix on his property one price for cash and another for credit, and the mere fact that

the credit price exceeds the cost price by a greater percentage than is permitted by the usury laws is a matter of concern to the parties but not to the courts, barring evidence of bad faith. If the parties have acted in good faith, such a transaction is not a loan, and not usurious. This rule is particularly applicable where the article sold is subject to depreciation in value, as, for instance, an automobile. On the other hand some courts have departed from the 'credit price' rule, and the determination of whether a transaction is a loan and forbearance or a sale on time or on credit is controlled by the intention of the parties, and each case must be decided on its particular facts.'' See also cases cited.

In Yeager v. Ainsworth, supra, the bona fide cash purchase price of the automobile was $616; the ''time price differential'' was $151.20; and the proof showed without dispute that the finance company had agreed to the credit price mentioned in the conditional sales contract before the transaction was closed and the contract executed, as a condition precedent to its agreement to buy the paper at a discount. The argument was made in that case as it has been made in the case that we have here, that the ''time price differential (including finance and insurance and recording charge, if any),'' was in reality for the most part a charge of interest on the deferred balance after the cash down payment had been made. But the Court held that the excess amount charged and collected over and above the cash price represented the difference between the cash and the credit price, and that under the decisions of this Court the contract was not usurious. We are bound by the decision of the Court in that case, unless that decision is overruled. The rule applied in that case conforms to the majority opinion in other states; and if the rule is to be changed, we think the change should be made by the legislature. We are unwilling to overturn a rule of substantive law so firmly

established by simply overruling all prior decisions, as the appellant would have us do.

The other points argued relate to matters of procedure. None of them are of sufficient importance to require a detailed discussion.

The judgment of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.