192 So.2d 700 (1966)
Mrs. A. Dee MULLINS and Billy Ray Mullins, Complainants-Appellants,
v.
MERCHANDISE SALES COMPANY, Atlas subsidiaries of Mississippi, Inc., Defendants-Appellees.
No. 44137.
Supreme Court of Mississippi.
December 12, 1966.
*701 K. Maxwell Graves, Jr., Meadville, for appellants.
Bernard W.N. Chill, Jackson, for appellees.
PATTERSON, Justice:
This appeal arises from the Chancery Court of Franklin County where the heirs of Ray Mullins sought cancellation of a deed of trust and an adjudication of no indebtedness to the defendants, Merchandise Sales Company and Atlas Subsidiaries of Mississippi, Inc., hereinafter referred to as Merchandise Sales and Atlas.
The trial court dismissed the amended bill of complaint as to Merchandise Sales. It was sustained, however, as to the deletion of 100 acres of land alleged by the complainants to be erroneously included in the deed of trust, and on the cross bill of Atlas the deed of trust was reformed to include and correctly describe the residential lots intended by the parties to be included in the deed of trust.
From this decree the complainants appeal, assigning as error the following:
(1) The court erred in holding that Atlas was a bona fide purchaser for value of a negotiable instrument.
(2) The court erred in reforming the deed of trust to correctly describe the property intended to be conveyed by the deed of trust after finding an alteration of the deed subsequent to delivery.
(3) The court erred in holding that the usury statutes were not applicable to this contract and in not holding the contract void.
(4) The court erred in finding that there was no fraud at the inception of the instrument by virtue of false representations regarding credit life insurance.
(5) The court erred in not granting some relief to the complainants for the damage sustained by them as a result of the breach of contract by Merchandise Sales.
The record reflects that on September 7, 1961, one G.S. Marshak induced Mrs. Dee Mullins and her husband, Ray Mullins, to enter into a contract for the repair of their home in McCall Creek, Mississippi, for a cash price for labor and material of $2,268 or a monthly installment price of $58.14 for 60 months. On the same date they signed a note in the amount of $3,488.40, payable to the order of Merchandise Sales in 60 monthly installments, and secured the same by a deed of trust on certain lands in Franklin County. Marshak assigned his interest in the contract to Merchandise Sales and this company assigned the note and deed of trust to Atlas.
The amended bill of complaint avers generally that there was fraud in the procurement of the contract; that, as an inducement to sign the contract, credit life insurance was promised to the complainant, Mrs. Mullins, and her husband, who is now deceased, as well as an opportunity to repay the indebtedness by securing others to enter into similar home improvement transactions. Additionally, the bill alleges that the parties intended to include in the deed of trust as security for the indebtedness Lots 11 and 12 of Block 11 of McCall Creek, Mississippi, upon which the home was located, and that at the time of the signing and delivering of the deed of trust only these lands were included therein. Thereafter, it is alleged, Merchandise Sales altered the deed of trust by including in the description an additional 100 acres of land owned by Mrs. Mullins and her husband, now deceased, without their knowledge or consent. The complainants, the widow and son of decedent, became aware of this alteration after the death of Ray Mullins and at the time the other defendant, Atlas, claimed a default in payment of the note. The complainants further allege that the contract for repair of the home was never completed in that the roof leaked, the floors were not leveled nor was the foundation repaired. For these reasons complainants pray for a cancellation of the deed of trust as being materially *702 altered after delivery, for cancellation of the note as being usurious, and that the debt incurred thereby be declared void.
Merchandise Sales denies that it entered into a contract with Mrs. Mullins and her husband, but states that the parties entered into a contract with Marshak who assigned the same to Merchandise Sales with the consent of Mr. and Mrs. Mullins. They admit that the note and deed of trust of Mr. and Mrs. Mullins were assigned to Merchandise Sales, and that Merchandise Sales assigned the note and deed of trust to Atlas. Merchandise Sales denied that Mr. and Mrs. Mullins agreed that only Lots 11 and 12, Block 11 of McCall Creek, Mississippi, would be given as security for their note, but states to the contrary that "it was the intention of the parties that all of the land described in said deed of trust would be included in the description contained therein." Merchandise Sales denied that it caused to be included in the deed of trust an additional 100 acres of land, without the knowledge or consent of the complainant and her husband.
Atlas, by its separate answer, denied the allegations of fraud and especially denied that the parties did not intend to convey as security the 100 acres of land in addition to the residential lots. It denied that the deed of trust was altered after delivery and affirmatively alleged, by way of a cross bill, that it is the holder in due course of the note and security executed by Mrs. Mullins and her husband. Atlas further alleged by cross bill that the deed of trust was mistakenly drawn, in that Lots 11 and 12 of Block 11 through error and inadvertence were inserted in the deed of trust, whereas the true intention of the parties was to give a deed of trust on Lots 4, 5 and 6, Block 23, McCall Creek, Mississippi. Atlas prayed that the deed of trust be reformed by deleting Lots 11 and 12 of Block 11 and inserting in lieu thereof Lots 4, 5 and 6 of Block 23 together with the additional 100 acres described in the deed of trust. The cross defendants in their answer admit the mistake as to the residential lots, but deny that any other land was to be included in the trust deed.
The chancellor found that Atlas and Merchandise Sales were entirely separate and different concerns and that Atlas was an innocent purchaser without notice. He held:
Atlas Subsidiaries is a bona fide purchaser for value to that part of the property described as Lots 4, 5 and 6 in Square 23 of the Town of McCall which complainants have admitted in their pleading is the property which was intended by all parties should be offered as security, but as to this 100 acres, the proof here shows at the time the deed of trust was signed the description had not been put in, and the complainant's proof shows it was only intended that the house and lots be offered as security and there was no intention on their part to offer this 100 acres as security, and the testimony on this point is further corroborated by the fact that there was already an outstanding deed of trust on that 100 acres, and this deed of trust recites the property is not encumbered by any other lien or encumbrance, and Mrs. Mullins and her son impressed me as being very high class people and I don't think they would make any misrepresentations in a deed of trust and I am going to have to hold the deed of trust is void as to the 100 acres.
The chancellor then held that Atlas was entitled, under its cross bill, to reformation of the deed of trust so as to correctly describe the residential lots and that it was entitled to a decree for the unpaid balance due and for foreclosure of the deed of trust as reformed.
As to Merchandise Sales, the court held that the evidence did not support a finding that there was fraud in the inducement to sign the contract by the offering of credit life insurance. Further, though there was some doubt as to whether Merchandise *703 Sales had complied with the contract in leveling the floor and repairing the foundation, the court held that this was a minor breach and that damages had not been proved by the complainants to the extent that damages could be awarded for failure to comply with the contract. Accordingly, the bill of complaint was dismissed as to this defendant. A decree was taken in accord with the chancellor's finding and from this decree the complainants appeal.
We are of the opinion that the first assignment of error, that Atlas was not a holder in due course, is without merit as there was substantial evidence to support the finding of the lower court; that the note was:
(1) Complete and regular upon its face.
(2) That Atlas became the holder of it before it was overdue.
(3) That Atlas took it in good faith and for value.
(4) That at the time it was negotiated to Atlas it had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.
Whether a holder of commercial paper is or is not a holder in due course depends upon the circumstances of the particular transaction, and is a question for determination by the trier of fact. Buntin v. Katz, 252 Miss. 768, 173 So.2d 659 (1965). See also 11 Am.Jur.2d Bills and Notes §§ 397, 431, 461 (1963). This issue was determined by the trier of facts upon substantial evidence and we find no error therein.
The next assignment, that the court erred in reforming the deed of trust to correctly describe the property intended to be conveyed after finding an alteration of the same subsequent to delivery, is well taken in our opinion. The issue between the parties in this regard, whether the 100 acres of land described were intended by the parties to be included in the deed of trust, is clear cut. The complainants say that it was not so intended. The defendants charge that it was. The complainants allege that the instrument was materially altered after they had signed and delivered it. The defendants contend precisely to the contrary, that the description was in the deed prior to signing and delivery. The chancellor found as a fact that the parties did not intend to include this 100 acres of land, and he held the deed of trust void as to this acreage. We are of the opinion that the finding of the chancellor was in accord with the evidence, and he properly held that the parties did not intend to include any land as security other than the residental lots. We think, however, that he erred as a matter of law in limiting the cancellation of the deed of trust to the 100 acres. The fraudulent alteration of the deed of trust by including therein additional property after delivery rendered it void, as in Merchants' & Farmers' Bank v. Dent, 102 Miss. 455, 59 So. 805 (1912) we held as follows:
Because of the unwarranted changing of the deed in trust, it became void and of no effect. The original instrument executed by appellees was in reality destroyed. It was not the paper which they signed and delivered. The appellants have no rights thereunder. It is the rule of law that the material alteration avoids the instrument. The reason of this rule is given in 2 Cyc. p. 179, as follows: "First (and what is said to be the true foundation of the doctrine), that no man shall be permitted, on grounds of public policy, to take the chance of committing a fraud without running any risk of loss by the event when it is detected; and, second, because the identity of the instrument is destroyed, and to hold one under such circumstances would be to make for him a contract to which he never agreed, which is especially true in the case of a surety." 102 Miss. at 463, 59 So. at 805.
*704 See also the case of Foote v. Hambrick, 70 Miss. 157, 166, 11 So. 567, 569 (1892). Although that case involved the correcting after delivery of an honest mistake, we stated:
Of course, if, to secure an advantage, a fraud is committed, whereby the responsibility of the person sought to be charged is increased, the instrument will be avoided, for fraud vitiates everything tainted by it.
The defendants make no attempt to justify the alteration of this instrument, that is, to state it was altered to correct an honest mistake or omission. The pleadings leave no room for a finding of alteration by mistake or inadvertence, and indeed a study of this record leads directly to the inescapable conclusion that this deed of trust was fraudulently and materially altered by the addition of 100 acres of land to that which was intended to be conveyed. The alteration was an outright fraud so base that it invalidates the deed of trust in its entirety. We are of the opinion the lower court erred in not so holding.
The appellants next urge that the court erred in not cancelling the entire indebtedness. They contend the original contract between the parties was usurious in that it provided for a cash price of $2,268 or a credit price of $3,488.40 payable in 60 monthly installments of $58.14 each; that by simple mathematics the difference between the two cardinal figures is in excess of 20% and as such the debt is void as it violates the usury statutes. The appellants contend that where there are alternative prices through either a cash or a credit transaction, and the difference between the credit price and the cash price exceeds the interest rate permitted by the usury laws, the selection of the credit price will not of itself render the transaction valid as this is only a subterfuge on the part of the lender to avoid the penalties of the usury statutes. Though this argument has much merit, we are of the opinion that the transaction was not usurious as in Bryant v. Securities Investment Co., 233 Miss. 740, 744-745, 102 So.2d 701, 702 (1958) we held:
But we think there was no error in the court's refusal to hold that the time price differential rendered the transaction usurious. The principle is well established by the decisions of this Court, that where property is sold on credit, the fact that the difference between the credit price and the cash price exceeds the percentage permitted by the usury laws will not render a transaction usurious, if the parties acted in good faith. In the case of Bass v. Patterson, 68 Miss. 310, 8 So. 849, 24 Am.St.Rep. 279, this Court held that a seller may charge a credit price much larger than his cash price and that in such event the difference is not interest; and the rule announced in that case was reaffirmed in Commercial Credit Co. v. Shelton, 139 Miss. 132, 104 So. 75; Benson v. Berry-Dampeer Co., 158 Miss. 237, 130 So. 157, and Yeager v. Ainsworth, 202 Miss. 747, 32 So.2d 548.
The appellants, though they disagree with it, recognize the rule as announced. They contend it is applicable only if the parties acted in good faith. The requirement, good faith, is found in the cited cases, but it does not apply here for the reason there is no evidence to indicate that Atlas was not a good faith holder in due course. The chancellor so found from the evidence. We conclude, therefore, that this assignment of error is not well taken.
The remaining assignments, that the court erred in not finding fraud at the inception of the contract and in not awarding damages for breach of the contract, are not well taken. A careful consideration of the record reveals substantial evidence to support the chancellor's finding that there was no fraud in the inducement of the contract and that the complainants failed to *705 establish any damages as the result of a minor breach of the contract. The appellants are not, therefore, entitled to a cancellation of the indebtedness.
The deed of trust is cancelled and held for naught as it was materially altered after signature and delivery. The decree of the trial court is reversed and rendered insofar as it directed a foreclosure of the deed of trust and insofar as it failed to cancel the deed of trust in its entirety. In all other respects the decree is affirmed.
Reversed and rendered in part and affirmed in part.
ETHRIDGE, C.J., and JONES, BRADY, and SMITH, JJ., concur.