SMITH, Justice.
Solomon Austin and Leodis Austin appeal from a decree of the Chancery Court of Sunflower County awarding a money judgment against them to appellee, Atlas Subsidiaries of Mississippi, Inc., in the amount of $1,516.16.
The background of the case is substantially as follows: The Austins were the owners of a modest home in a rural community. They were approached by representatives of Housecraft, a Louisiana partnership, (not a party to the present litigation), with a proposal to repair and to improve it by installing aluminum siding. According to the Austins, they were offered certain bonuses as inducements to contract for this work, and after some negotiation, they did contract with House-craft to do the job.
*298 Housecraft offered the Austins both a “credit” price and a cash price, the latter being much less than the former. However, being without the necessary cash, the Austins elected to proceed on the basis of the credit price. They then executed a promissory note for the contract sum of $3,048.60, together with a trust deed upon the house and lot to secure its payment.
This note was sold by Housecraft to ap-pellee, Atlas Subsidiaries, for $1,941.40 in the regular course of business. To effect the transfer, Housecraft placed its unrestricted endorsement upon it and delivered it to Atlas Subsidiaries. The trust deed securing the note also was assigned to Atlas Subsidiaries. After the contract and other documents were executed, a crew of workmen arrived at the Austins’ home and proceeded to install aluminum siding. This work was not done properly and other repairs which were to have been made were not made. In other words, Housecraft failed to perform its contract satisfactorily, although one of the Austins executed a certificate, which is in evidence, stating that the work called for by the contract had been satisfactorily completed. In addition to the defective quality of the work the Austins said that they never received any of the bonuses promised them by Housecraft.
Later on, default was made by the Austins in the payment of their note, and the trust deed was foreclosed. At the sale, Atlas Subsidiaries, owner of the promissory note, was the only and successful bidder at the sum of $2,000.00. The suit below was for the balance of the amount due on the note after application of the proceeds of the foreclosure sale.
At the conclusion of the trial, the chancellor found that fraud in obtaining the execution of the contract, note and trust deed had not been established by clear and convincing evidence. In his decree, he found that Atlas Subsidiaries was an innocent purchaser of the note in good faith, for value, before maturity and without notice of any infirmity or defect of the title of Housecraft thereto and that the note was complete and regular on its face. Accordingly, a decree was entered awarding Atlas Subsidiaries the judgment from which this appeal has been prosecuted.
Mississippi Code 1942 Annotated section 100 (Supp.1968) provides:
To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect or knowledge of such facts that his action in taking the instrument amounted to bad faith.
A careful examination of the record reveals no evidence capable of supporting a finding that Atlas Subsidiaries was privy to the actions of Housecraft in obtaining the note and other documents. Nor was it shown that it had knowledge of House-craft’s failure to perform the contract satisfactorily or of any other facts that could be considered as making its action in taking the note amount to bad faith.
In Mullins v. Merchandise Sales Co., 192 So.2d 700 (Miss.1966), it is stated :
Whether holder of commercial paper is or is not a holder in due course depends upon the circumstances of the particular transaction and is a question for determination by the trier of fact.
Although the circumstances of this case make a strong appeal to sympathy, the calamitous results were brought about by the improvident execution of a contract by the Austins with Housecraft, a builder about whom they knew nothing and one which subsequent events proved to be entirely irresponsible. There is no evidence that Atlas Subsidiaries had any part in or knowledge of Housecraft’s derelictions. In this situation it is entitled to the protection afforded by the provisions of the negotiable instruments law. Obviously, appellants’ remedy was against Housecraft, and a suit against that firm would rest upon entirely *299 different principles. The record contains some indication that Housecraft is now defunct and incapable of responding in damages, but that fact cannot change the result in this case. The chancellor’s decision upon the evidence, not having been manifestly wrong, must be affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.