ROBERTSON, Justice:
On October 5, 1966, a bill of complaint was filed by Leeds Homes of Hattiesburg, Inc., against Mrs. Elma Lee Gentry and others in the Chancery Court of Covington County, Mississippi, to confirm the title of complainant to
“the S(4 of Lots 3 and 4 lying west of the present public road in Section 33, Township 10 North, Range 15 West, less and except a strip 100 yards in width lying across the north side thereof, in Covington County, Mississippi * *
less an undivided one-half interest in the minerals and subject to a present existing oil, gas and mineral lease owned by Olin Oil and Gas Company.
*250 Appellees, Mrs. Elma Lee Gentry et al., on February 25, 1967, filed their motion to dismiss on the ground that the complainant in the bill of complaint had no interest in the lands described therein. With the court’s permission, an amended bill of complaint was filed on April 7, 1967, in the name of the appellant, Home Security Corporation.
In their answer to the amended bill of complaint, the appellees alleged that Leeds Homes of Hattiesburg, Inc., on January 13, 1961, falsely and fraudulently induced the original mortgagors, Melvin Gentry and his wife, Mrs. Elma Lee Gentry, to execute a deed of trust to it, as mortgagee, blank as to the property description, by solemnly promising .to insert a description of the one acre on which the home of the mortgagors was situated. The appellees asserted that, contrary to its promise, the mortgagee falsely, fraudulently and without any authority whatsoever inserted in the deed of trust a description of the entire 35 acres owned by Melvin Gentry and his wife, and that because of this fraud the deed of trust was void in its entirety and all subsequent assignments of the original deed of trust, the foreclosure and substituted trustee’s deed were also void and of no effect and should be set aside and cancelled as clouds on the title of the appellees.
The chancellor found that the appellant, Home Security Corporation, was not a bona fide purchaser for value without notice, that even though there was a solemn promise to insert a description of the one acre only containing the home place, the mortgagee violated that promise and fraudulently inserted a description of all of the Gentry property and that “this fraudulent alteration of the Deed of Trust by Leeds Homes of Hattiesburg, Inc., rendered the Deed of Trust void in its entirety.” The chancellor dismissed the original and amended bills of complaint and granted the relief prayed for in the cross-bill, setting aside and cancelling the deed of trust, all assignments of it, the foreclosure and substituted trustee’s deed.
The original deed of trust was executed by the Gentrys to secure a promissory note for $3,116.16, the purchase price of a shell home to be constructed on their property. The mortgagee, Leeds Homes of Hatties-burg, Inc., immediately assigned the note and deed of trust to Pioneer Finance Company of Detroit. On September 14, 1961, Pioneer Finance Company reassigned the note and deed of trust to Leeds Homes of Hattiesburg, Inc.
Leeds Homes of Hattiesburg, Inc., on December 18, 1961, substituted E. R. Edwards as trustee in the deed of trust. The substituted trustee, on March 5, 1962, sold the Gentry property described as
“South t/2 of lots 3 and 4 lying West of the present public road in Section 33, Township 10 North, Range 15 West, Covington County, Mississippi,”
at foreclosure sale to Leeds Homes of Hattiesburg, Inc.
On May 25, 1962, Leeds Homes of Hat-tiesburg, Inc., quitclaimed the Gentry property to Leeds Homes, Inc. On June 15, 1962, Leeds Homes, Inc., filed its petition in the U.S. District Court for the Eastern District of Tennessee for corporate reorganization under the Chandler Act. The petition listed Leeds Homes of Hatties-burg, Inc., a Tennessee corporation, and Home Security Corporation, incorporated in Florida and qualified in Tennessee, as wholly owned subsidiary corporations of Leeds Homes, Inc.
On October 23, 1964, the U.S. District Court approved and confirmed the plan of reorganization. Pursuant to the plan of reorganization, Robert M. Child, Successor Trustee for Leeds Homes, Inc., et al., on December 31, 1964, executed a deed of conveyance conveying all assets of Leeds Homes, Inc., and its remaining subsidiary corporations (which included Leeds Homes of Hattiesburg, Inc.) to The Oxford Finance Companies, Inc. On March 28, 1967, The Oxford Finance Companies, Inc., conveyed the Gentry lands to *251 Home Security Corporation, and on April 7, 1967, Home Security Corporation filed an amended bill of complaint alleging that it was the owner of the Gentry lands in Covington County, Mississippi. Thus, title conveyed by Substituted Trustee’s Deed on March 5, 1962, to Leeds Homes of Hatties-burg, Inc., a wholly owned subsidiary of Leeds Homes, Inc., has finally traveled the full circuit and has come to rest in Home Security Corporation, another wholly owned subsidiary of Leeds Homes, Inc. It is quite apparent from the exhibits introduced into evidence by the appellant itself, which trace this tortuous and circuitous route of the title, that the appellant was not and is not a bona fide purchaser for value without notice.
James B. Norris, the salesman for Leeds Homes of Hattiesburg, Inc., testified that on behalf of his employer, he sold a shell home to Melvin Gentry and his wife, Mrs. Elma Lee Gentry, at their residence in Covington County and secured their signatures on a promissory note and deed of trust at night at their home in Covington County. Norris testified positively and clearly that his agreement with the Gentrys was that only the one acre on which the shell home would be located would be included in the deed of trust.
Leeds Homes of Hattiesburg, Inc., violated that agreement and inserted in the deed of trust a description of 35 acres owned by the Gentrys. The appellant offered no evidence in denial of this positive testimony of their salesman and agent; it thus stands uncontradicted and undisputed.
The evidence adduced fully supported the decision of the chancellor. Compare Mullins v. Merchandise Sales Co., 192 So. 2d 700 (Miss.1966). The judgment of the chancery court is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON, and SMITH, TJ., concur.